IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

WAYLAND DEE KIRKLAND,      )
           )
          Plaintiff,     )
           )
      v.         )      Case No. 11-2504-EFM-DJW
           )
GARY JONES, et al.,      )
           )
         Defendants.   )

**MEMORANDUM AND ORDER**

Plaintiff alleges numerous violations of federal law against fifteen defendants.  Plaintiff seeks various forms of relief, including compensatory damages, punitive damages, and judicial declarations.  There are four pending motions to dismiss, and a number of pending motions filed by Plaintiff.  The issues have been briefed and the motions are ripe for review.

I. <u>Facts</u>

Plaintiff Wayland Kirkland lived in California with his girlfriend, Defendant Cheryl Blake ("Blake"), who was employed by Big Lots.  According to Plaintiff, Blake was involved in a sexual affair with her boss, Defendant Eric Reilding ("Reilding"), which provided her with numerous employment perks.  Plaintiff confronted Reilding about the affair and contacted the Big Lots corporate office.  Soon thereafter, Blake was terminated from Big Lots.  Blake retaliated against Plaintiff with death threats and an assault.  Blake was evicted from her apartment following the assault.

Within a few months following this series of events, in approximately January 2008, Blake and Plaintiff moved to Princeton, Kansas.  Plaintiff discovered Blake was still in contact with Reidling. Despite this discovery, they moved together to Ottawa, Kansas. After moving to Ottawa, Blake continued contact with Reidling, which prompted  Plaintiff's sister to purchased a bus ticket

for Blake to return to California.  In route to California, Blake called Plaintiff and begged to return.  Plaintiff agreed.  When she returned, Plaintiff and Blake completed a rental application for Hidden Meadows Apartment, which is owned by Defendant Jerry Donally ("Donally").  Unfortunately, based on Blake's prior eviction, Plaintiff discovered they were precluded from living at Hidden Meadows.

Blake obtained employment at Country Mart, the local grocery store.  Country Mart is owned by Defendant Gary Jones ("Gary").  His wife, Defendant Cindy Jones ("Cindy"), is in charge of Human Resources at the store, and Defendant Jeff Jones ("Jeff"), Gary's son, is the Store Manager (collectively the "Jones Defendants").  Blake was paid $10.00 an hour.  Blake was not a good employee, going on drinking binges and missing work, quitting or being terminated numerous times, although she was always rehired.  Blake was spreading malicious and slanderous gossip about Plaintiff's mother while employed at Country Mart, which humiliated Plaintiff's mother.  Plaintiff tried to file a complaint against Blake with Country Mart, but Jeff failed to listen.  Plaintiff also spoke to Gary, who stated that Blake was a good employee and also refused to take a complaint.  Plaintiff states that this was done because Blake was trading sex for job security at Country Mart.  Plaintiff alleges that the Jones Defendants then "instituted a conspiracy to violate rights by using his familial, business, and other local influences to persuade multiple defendants to discriminate and retaliate ... all using my girlfriend Defendant Blake to humiliate me."[1]

---

[1] Doc. 1, Complaint, p. 6.

In approximately July 2010, Blake began receiving social security disability benefits and Cindy Jones became Blake's payee representative. Cindy paid for an apartment for Blake at Hidden Meadows Apartment. Blake was concerned Cindy would be able to conceal excess hours from Social Security. About this time, Blake and Plaintiff began having arguments regarding gender discrimination at Country Mart, through Social and Rehabilitation Services ("SRS"), at the Elizabeth Layton Center ("ELC"), and at Hidden Meadows Apartment. Plaintiff verified that someone with an eviction on their record would not be able to rent an apartment at Hidden Meadows.

In August 2010, Blake lived at "Pinkey House," which was run by ELC and Defendant Diane Drake ("Drake"). Blake rarely attended her computer classes. ELC provided Blake with clothing for interviews, dental, and $150.00 for transportation. Blake's vocational rehabilitation counselor at ELC was Defendant Lynda Maddox ("Maddox").

In November 2008, Plaintiff met with Defendant Sam Deutch ("Deutch"), an SRS vocational rehabilitation counselor, to prepare an "Individual Plan for Employment" (IPE). Plaintiff requested dental coverage because he is missing half his teeth. Deutch told him that SRS did not provide that service. In December 2010, Plaintiff began computer classes. While in class, Plaintiff learned from other participants that they receive dental coverage from vocational rehabilitation.

Plaintiff requested dental, gas for transportation, and clothing in February 2011. Plaintiff also notified his computer teacher that he was taking time off to file a law suit. Plaintiff received a $5.00 check from Deutch for gas. This was a significant disparity from what Blake had received.

Plaintiff participated in a meeting with Deutch and Zach Cyphers, his ELC case manager, on April 18, 2011. Plaintiff informed Deutch and Cyphers that he was a victim of a local conspiracy against rights and that he would not continue his computer class until he received dental, clothing,

and an explanation regarding the disparity between the $150.00 Blake received, and the $5.00 transportation fees Plaintiff received.

On May 2, 2011, Plaintiff met with Deutch and Defendant Bob Clark ("Clark"), Vocational Rehabilitation Manager at SRS. Deutch and Clark refused to discuss Plaintiff's discrimination concerns. Clark signed a document exhausting administrative remedies with SRS.

In November 2010, Plaintiff filed an employment application at Country Mart. Attached to the application were eleven pages of a document in which Plaintiff expressed his concerns about gender discrimination at Country Mart, SSI fraud, housing fraud, and conspiracy involving Blake and all the Jones Defendants. Plaintiff also attached documentation regarding Blake's eviction from an apartment while in California. Plaintiff also gave a copy of the employment application and attachments to Hidden Meadows. Blake then filed a Protection from Stalking petition against Plaintiff.[2] The case was later dismissed.

On February 10, 2011, Plaintiff filed an employment discrimination complaint and settlement offer with Country Mart in which Plaintiff asked Cindy and Gary for part-time employment, monetary damages, and a handwritten apology from Gary to Plaintiff's mother. If the Jones Defendants complied, Plaintiff agreed not to file retaliation and gender discrimination EEOC charges. Plaintiff did not receive a response to his settlement offer. On April 18, 2011, Plaintiff filed an EEOC charge against Country Mart.

On June 9, 2011, Plaintiff mailed Donally, the manager of Hidden Meadows, a notice of lawsuit based on gender discrimination involving Blake at Hidden Meadows Apartment. On June 22, 2011, Plaintiff was notified of trespass on Hidden Meadows Apartment property. Plaintiff was

---

[2] Franklin County Case No. 2010-DM-466.

informed that he was not to call, send mail, or personally enter Hidden Meadows property.

On August 8, 2011, Plaintiff served the Jones Defendants with a settlement offer concerning Case No. 11-CV-2347-JAR-DJW.[3]  Plaintiff offered to settle the case for five million dollars and an apology from Gary to Plaintiff's mother.  Plaintiff disclosed that his mother had brain cancer, and that if she died before an apology was issued, Plaintiff would file a civil rights complaint seeking forty million dollars, declarative relief, and the Jones Defendants' Kansas and Missouri business license.  All three Jones Defendants were served with the settlement offer via certified mail.

In response, Gary filed a petition for a Protection from Stalking Order.[4]  A Franklin County Sheriff Deputy and a Franklin County detective interviewed Plaintiff on August 15, 2011 regarding his correspondence with the Jones Defendants, specifically Gary.  Plaintiff then filed an answer to the petition, alleging the Gary filed the petition in retaliation for Plaintiff filing EEOC charges.  At the time this Complaint was filed, the Protection from Stalking Temporary Orders were still in effect.

Plaintiff also alleges violations of his rights by the employees and the director of ELC.  Plaintiff saw his ELC case manager, Defendant Kevin Kastler ("Kastler"), on June 17, 2011.  Then, on August 4, 2011, Plaintiff received a call from ELC Quality Assurance Coordinator Defendant Donna Johnson ("Johnson") and ELC CSS Assistant Director Defendant Jennifer Stanley ("Stanley").  They informed Plaintiff that he was denied mental health services by ELC.  Johnson and Stanley inquired if Plaintiff wanted assistance in securing mental health services in another

---

[3] Case 11-2347 was filed by Plaintiff against ten defendants, five whom are also named in this action.  Plaintiff alleges violations of 18 U.S.C. § 371, civil rights violations, and constitutional violations under the First, Fourth, Fifth, and Fourteenth Amendments.  Plaintiff alleges his rights were violated after he complained of misappropriation of grant funds.

[4] Franklin County Case No. 11-DM-342.

county.

On August 8, 2011, Plaintiff filed a complaint with ELC Director Drake, in which Plaintiff complained that Kastler's refusal to provide case manager services jeopardized his housing grant and was detrimental to his mental health treatment. Plaintiff alleged the denial was done in retaliation for filing Case No. 11-CV-2347.[5] Plaintiff also requested that the denial of mental health services be placed in writing and he requested a new case manager.

On July 20, 2011, MHAH (Mental Health America of the Heartland) co-coordinator Defendant Deb Pope ("Pope") met Plaintiff at his residence for a monthly walk through. Pope confirmed that ELC was denying Plaintiff mental health services. Pope suggested that Plaintiff move to Emporia to try to obtain services through Lyons County. Plaintiff denied that his mental health services had been revoked, and then informed Pope that she was a named defendant in Case No. 11-CV-2347. Pope refused to give Plaintiff her home address and left. Plaintiff received a letter from Pope withdrawing her case management services. On August 17, 2011, Pope again met Plaintiff at his residence for the monthly walk through. Plaintiff informed Pope that he still had not received notice from ELC that his mental health services were terminated. Plaintiff also reiterated that he did not want to relocate. Plaintiff knew that if he had to obtain services for mental health services out of county, there would be additional expenses. On August 30, 2011, Pope wrote a letter to Plaintiff stating that Plaintiff's case management services were terminated by ELC, and Plaintiff should secure services from another county.

II. Plaintiff's Claims for Relief

Plaintiff alleges the following against each defendant:

---

[5] Kastler is a named defendant in Case No. 11-2347.

1. <u>Eric Reidling</u> - Reidling conspired with Blake to conceal their adulterous sex affair, and the termination of Blake was done to conceal gender discrimination, which violated Plaintiff's First, Fifth, and Fourteenth Amendment Rights to make complaints, receive equal protection of the law, and due process. Because Reidling's actions continue to cause damage through Blake's falsification of employment applications, Reidling is liable for conspiracy against rights pursuant to 18 U.S.C. § 241.

2. <u>Gary Jones</u> - Gary conspired to facilitate a conspiracy against Plaintiff's rights after Plaintiff made employee complaints about Blake, and after Plaintiff filed gender discrimination and retaliation EEOC charges. Plaintiff alleges that this was done deliberately with the intent to humiliate, intimidate, retaliate, manipulate and belittle, in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights, and in violation of 18 U.S.C. § 241.

3. <u>Cheryl Blake</u> - Blake filed a frivolous protection from stalking petition, which was done intentionally with the intent to conceal Country Mart's gender discrimination, as well as to conceal the falsified rental application at Hidden Meadows, and to silence and intimidate Plaintiff, in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights, and in violation of conspiracy pursuant to 18 U.S.C. § 241. Blake also falsely reported a crime, committed perjury, and committed the offense of compounding a crime, all in violation of K.S.A. § § 21-3818, 21-3805, 21-3807.

4. <u>Jeff Jones</u> - Jeff refused to take Plaintiff's employment complaint regarding Blake, and then used his position on the Kansas SRS Ottawa Board of Trustees to influence others to discriminate against Plaintiff. This was done intentionally and with the intent to conceal gender discrimination at Country Mart and to retaliate, humiliate, intimidate, manipulate, and belittle Plaintiff for filing an EEOC Charge, in violation of Plaintiff's First, Fifth, and Fourteenth

Amendment rights to make complaints, access courts, receive equal protection of the law and due process.  The actions of Jeff Jones constitute conspiracy under 18 U.S.C. § 241.

5.  <u>Cindy Jones</u> - Cindy gave Blake preferential treatment at Country Mart, and conspired with Gary Jones, Jeff Jones, and others to humiliate and retaliate against Plaintiff for filing an employee complaint against Blake and for filing the EEOC charge, in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights to make complaints, access courts, receive equal protection of the law and due process; conspiracy pursuant to 18 U.S.C. § 241; and employment discrimination and retaliation pursuant to Title VII, 42 U.S.C. § 2000e et al.

6.  <u>Jerry Donally</u> - Donally's actions of calling police and protecting Blake after Plaintiff complained of gender discrimination was done intentionally with the intent to intimidate, to conceal discrimination, and to silence Plaintiff, all in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights to make complaints and receive equal protection of the law and due process, and in violation of 18 U.S.C. § 241.

7.  <u>Diane Drake, Jennifer Stanley, Donna Johnson, and Kevin Kastler</u> - (ELC Defendants) The ELC Defendants terminated Plaintiff's case management services without explanation, which was done intentionally to retaliate against Plaintiff for filing 11-2347, which constitutes conspiracy pursuant to 18 U.S.C. § 241 and obstruction of justice.

8.  <u>Bob Clark, Lynda Maddox, and Sam Deutch</u> - (SRS Defendants) - SRS Defendants conspired to give Blake preferential treatment, which was done to humiliate, retaliate, and belittle Plaintiff for filing a complaint, in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights to make complaints and receive equal protection of the law and due process, and in violation of 18 U.S.C. § 241.

9. <u>Deb Pope</u> - Pope attempted to force Plaintiff to receive case management services in another county, or attempted to force Plaintiff to move to another county, which was done in retaliation for filing 11-2347, in violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights to make complaints, access courts, receive equal protection of the law and due process, and in violation of 18 U.S.C. § 241.

III.  <u>Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[6]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[9]  All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[10]  Allegations that merely state legal

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[9] *Iqbal*, 129 S.Ct. at 1950.

[10] *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

conclusions, however, need not be accepted as true.[11]

In a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.[12]  The burden is on the plaintiff to make a prima facie showing that it satisfied the statutory and due process demands for the Court to exercise jurisdiction.[13]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14]  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[15]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[16]

## IV.  Discussion

The Court will address each motion in turn.

### 1.  Reidling's Motion to Dismiss (Doc. 21)

Reidling requests dismissal based on three separate arguments.  First, Reidling argues that 18 U.S.C. § 241 is a criminal statute that does not provide for a private right of action and is not enforceable through a civil action.  Second, Reidling contends that Plaintiff was never an employee of Big Lots and lacks standing to file suit under 42 U.S.C. § 2000e et seq.  Finally, Reidling asserts that service was insufficient.  Plaintiff responds that the claims are brought under the United States

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Pope v. Boy Scouts of America*, 2006 WL 3199423, at *1 (D.Kan. Nov. 3, 2006).

[13] *Id.*

[14] *Hall*, 935 F.2d at 1110.

[15] *Id.*

[16] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Constitution, not 18 U.S.C. § 241, and that service was proper at the corporate office because Reidling was in a position of management.  Reidling replies that if Plaintiff is attempting to bring suit under 42 U.S.C. § 1983, he is not a state actor, and therefore Plaintiff failed to state a claim under which relief may be granted.

It is clear from Plaintiff's response that he is abandoning any claim under 18 U.S.C. § 241. Reidling is correct that Plaintiff lacks standing to assert an employment discrimination claim under Section 2000e since he was never an employee of Big Lots.[17]

Reidling's final argument is that Plaintiff has not alleged a cause of action under 42 U.S.C. § 1983.  In Plaintiff's response, he does not dispute that he has failed to state a claim under Section 1983.  Instead, Plaintiff argues that "Reidling violated Plaintiff's civil rights by threatening to call police when Plaintiff confronted Defendant Reidling about his workplace sex affair with Defendant Blake."[18]  Plaintiff has not identified the Constitutional right violated, and has not alleged state action as needed for a claim under Section 1983. Reidling's Motion to Dismiss (Doc. 21) is granted for failure to state a claim upon which relief may be granted.

2.  Motion to Dismiss filed by Gary Jones, Cindy Jones, and Jeff Jones (Doc. 41)

The Jones Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff failed to state a claim under which relief can be granted.  Defendants argue that Plaintiff did not alleged any action by the Defendants that would constitute a tort or a violation of Plaintiff's constitutional rights.  Defendants also argue that there is no evidence of employment discrimination against Plaintiff.  Gary Jones contends that Plaintiff cannot rely on the fact that he filed a petition

---

[17] 42 U.S.C. §§ 2000e(f), 2000e–2.

[18] Response, Doc. 73.

for relief from stalking against Plaintiff as evidence of retaliation for Plaintiff filing the EEOC charge. Defendants insist that the conclusory statements that the Jones Defendants "influenced others to discriminate against me" is unsupported by any facts in the complaint. Plaintiff's rambling response reiterates that his "rights were violated by Jones Defendants who retaliated against Plaintiff when Plaintiff complained of employment discrimination as set forth in the complaint."

To begin, Plaintiff cannot assert a claim against the Jones Defendants under 18 U.S.C. § 241. Section 241 is a criminal statute and does not provide for a private civil cause of action.[19]

The Court is unclear on Plaintiff's discrimination / retaliation charge. It appears that Plaintiff may be attempting to allege two separate instances in which he was discriminated against. First, Plaintiff alleges that in January 2009, "Jeff Jones refused to take a complaint regarding employee Defendant Blake's workplace slander of my mom. I continued to phone County Mart and finally spoke with Defendant G. Jones. Defendant G. Jones was sarcastic and immediately began defending Defendant Blake."[20]  Second, Plaintiff alleges that, "On 11-28-2010, I filed an employment application at Country Mart with 11 pages of attachments which expressed my concerns about gender discrimination at Country Mart, SSI fraud, housing fraud, and conspiracy involving Defendant Blake and Jones Defendants."[21]  On April 18, 2011, Plaintiff filed an EEOC charge against County Mart alleging employment discrimination. Plaintiff proposed a settlement offer to Country Mart which included part-time employment for Plaintiff, as well as an apology to his mother for slander. Plaintiff did not provide the Court a copy of the EEOC charge, and the Court is

---

[19] *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir. 1987).

[20] Doc. 1, Complaint, p. 8.

[21] Doc. 1, Complaint, p. 8.

unaware what incidents of discrimination are contained within the charge.

Title VII makes it unlawful for an employer to retaliate against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter."[22]  To state a prima facie case for retaliation, a plaintiff must show (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.[23]  Plaintiff is not required to set forth the prima facie case for each element, but plaintiff is required to set forth plausible claims.[24]

If Plaintiff's discrimination charge stems from his complaints of gender discrimination in January 2009, Plaintiff lacks standing to file suit.  Title VII permits suits by employees or applicants for employment, neither of which applied to Plaintiff in January 2009.[25]  If Plaintiff's employment discrimination claim is based on the Jones' refusal to hire him in November 2010, it is established law that an employer may not "discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice" by law.[26]  However, Plaintiff cannot rely on his previous complaints to Country Mart as evidence that he has opposed an unlawful employment practice because a plaintiff cannot maintain a retaliation

---

[22] 42 U.S.C. § 2000e-3(a).

[23] *Twigg v. Hawker Beechcraft Crop.*, 659 F.3d 987 (10th Cir. 2011).

[24] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

[25] 42 U.S.C. § § 2000e(f), 2000e-16; *Ramsey v. Principi*, 284 Fed.Appx. 548, 549 (10th Cir. 2008) (citing *Jacob-Mua v. Veneman*, 289 F.3d 517, 521 (8th Cir. 2002).

[26] 42 U.S.C. § 2000e-3(a).

claim when the underlying discrimination is not actionable.[27]  Although a "retaliation claim may be premised on adverse employment decisions which are in retaliation for opposition to discrimination, even if no discrimination in fact existed," the Court ruled that "a plaintiff may not maintain a retaliation claim under Title VII where the alleged conduct that is the subject of the complaint, even if true, is not actionable under Title VII."[28]  The Supreme Court also found that if a reasonable person would not have believed that the alleged discriminatory conduct violated Title VII, then the conduct cannot be the basis for a retaliation claim.[29]  The Court explained that Title VII prohibits "discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment."[30]

Applying the analysis of *Robben* and *Breeden*, because Plaintiff opposed employment practices of the Jones Defendants at a time when he was neither employed by Country Mart nor had submitted an application for employment, Plaintiff cannot base an employment discrimination claim for failure to hire on the unactionable employee discrimination claim.  No reasonable person could believe that plaintiff was the victim of discrimination when he was not employed or an applicant for employment at the time the allegation was made.  Plaintiff cannot use an invalid, unreasonable claim of discrimination as the basis for his retaliation claim.  Because Plaintiff failed to allege an unlawful employment practice actionable under Title VII, then plaintiff cannot maintain an action for retaliation.  Plaintiff's retaliation claim fails to state a claim upon which relief can be granted.

---

[27] *Robben v. Runyon*, 1998 WL 92237 (D.Kan. 1998).

[28] *Id.* at *7, citing *Harvey v. Chevron U.S.A., Inc.*, 961 F.Supp. 1017 (S.D.Tex. 1997).

[29] *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

[30] *Id.* at 270; 42 U.S.C. § 2000e-2(a)(1).

Plaintiff also alleges a general denial of rights under the United States Constitution.  The Court shall not construe arguments for a pro se plaintiff.[31]    The complaint fails to state an actionable claim under 42 U.S.C. § 1983.  A claim under Section 1983 requires a showing that the Defendants deprived the plaintiff of a right secured by the Constitution and laws of the United States while acting under color of state law.[32]  Plaintiff has not alleged that the Jones Defendants were state actors or acting under the color of state law.

Even though Plaintiff alleges Jeff Jones conspired with others and used "his position on the KS SRS Ottawa Board of Trustees to influence others to discriminate against me," this conclusory allegation is insufficient to support a claim of conspiracy under Section 1983.  The courts recognize that private citizens can be held liable under § 1983 if they are a "willful participant in joint action with the State or its agents."[33]    Assuming without deciding that the Board of Trustees and its members qualify as State agents, Plaintiff does not support the allegation with any factual support. Plaintiff does not allege how, when, or where Jeff exerted influence over the Board, identify who discriminated against him due to Jeff's influence, or identify the discriminatory action.  Plaintiff fails to cite to any statute or specific constitutional right, and fails to state a claim under Section 1983.  The Jones Defendants' Motion to Dismiss (Doc. 41) is granted.

3.   Motion to Dismiss Defendants Clark, Maddox, and Deutch (Doc. 38)

Defendants Clark, Maddox, and Deutch (the SRS Defendants) request dismissal for failure to state a claim and for improper service.  Specifically, SRS Defendants argue that Plaintiff cannot

---

[31] *Drake*, 927 F.2d at 1159.

[32] 42 U.S.C. § 1983.

[33] *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

assert a claim under 18 U.S.C. § 241, and Plaintiff fails to plead any facts alleging "unity of purpose" or "meeting of the minds" as required under a conspiracy.  SRS Defendants also contend that service was not proper as Plaintiff attempted to serve all three defendants at the SRS building in Lawrence instead of at each defendants' residence or personally.

Plaintiff responds that his claims are not brought under Section 241, but under the United States Constitution.  Plaintiff admits improper service of the defendants, and requests leave of the court to amend the complaint to include the State of Kansas as a Defendant for failure to train defendants.  Plaintiff does not present an argument in opposition of the dismissal of the defendants. Plaintiff does not request additional time to effect service on the defendants, and the Court notes that Plaintiff's time to serve the Complaint was extended already, to March 29, 2012.  It is appropriate that the individual defendants be dismissed as the motion is unopposed..[34]

Plaintiff requests an opportunity to amend the Complaint and add the State of Kansas as a Defendant.  The Court denies this request for a couple of reasons.  First, Plaintiff did not comply with Local Rule 15.1 which sets forth the procedure the party must file to amend a Complaint.[35] Second, amendment of the Complaint to add the State of Kansas as a party is futile.  For the purposes of Section 1983, " a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[36] "States, state agencies, and state officials

---

[34] Even if the Motion to Dismiss was not granted for failure to state a claim, the Court notes that Plaintiff did not serve Clark, Maddox, and Deutch personally, at their residence, or through an authorized agent. Plaintiff has not effected service of process on Clark, Maddox, and Deutch and dismissal would also be appropriate for improper service.

[35] D. Kan. Rule 15.1.

[36] *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

acting in their official capacities are not 'persons' acting under color of state law; thus, Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity."[37]  It is well settled that the State of Kansas has not waived its Eleventh Amendment immunity in a Section 1983 case and Congress has not abrogated that immunity.[38]  Therefore, Plaintiff will not be allowed to amend the complaint to allege a claim of failure to train against SRS or the State of Kansas.[39]  The SRS Defendants' Motion to Dismiss (Doc. 38) is granted.

    4.  <u>Motion to Dismiss - Drake, Stanley, Johnson, and Kastler (Doc. 74 and Doc. 80)</u>

    Defendant Drake, Stanley, and Johnson (the ELC Defendants)  filed a Motion to Dismiss (Doc. 74), and after Defendant Kastler was served, he filed a Motion to Dismiss (Doc. 80) which adopted the arguments set out in the ELC Defendants' Motion.  Defendants request dismissal of Plaintiff's 18 U.S.C. § 241 claim because that section does not convey a private right of action, and requests dismissal of the Section 1983 claim because they are not state actors.  Thus, the defendants contend the complaint fails to state a claim.  In response, Plaintiff admits that a claim under Section 241 is not viable, but Plaintiff asserts that "Defendants were acting under State and Federal housing laws."

    A review of the Complaint shows that Plaintiff did not include any claims related to state or federal housing laws.  Plaintiff claims that Drake, Stanley, Johnson and Kastler "stopped case management without explanation, intentionally to retaliate against me for filing a civil complaint

---

[37] *Buchanan v. Oklahoma*, 398 Fed.Appx. 339, 341 (10th Cir. 2010), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

[38] *Sanders ex rel. Rayl v. Kan. Dep't of Soc. & Rehab. Servs.*, 317 F.Supp.2d 1233, 1241 (D.Kan. 2004).

[39] See *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)(stating that dismissal is appropriate when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile.").

No. 11-CV-2347. This constitutes conspiracy pursuant to U.S.C. § 241 and obstruction of justice."[40]

Section 1983 creates only a right of action, substantive rights must come from the United States

Constitution or federal statutes.  Section 1983 provides the vehicle for an injured person to assert

a claim for relief against a person who, acting under the color of state law, violated any right secured

by the constitution or statues.[41]  Plaintiff makes a conclusory allegation that the Defendants were

acting under State and Federal housing laws.  This is not sufficient to state a claim under Section

1983.  Plaintiff has failed to allege any facts to show exactly what happened to him, how the

Defendants were involved, and how the actions of the Defendants violated these rights.  Conclusory

statements of a constitutional violation will not sustain a § 1983 claim beyond a motion to dismiss.

Plaintiff has failed to state a claim under Section 1983, and ELC Defendants' Motion to Dismiss

(Doc. 74 and Doc. 80) is granted.[42]

     5.  <u>Motion for Default Judgment (Doc. 52)</u>

     Plaintiff filed a Motion for Default Judgment for the sum of $5,000,000 against Drake

pursuant to  Fed. R. Civ. P. 55(a) and (b)(1).  Plaintiff does not provide any argument in support of

his motion.  After Plaintiff filed his default judgment motion, Defendant Drake was allowed to file

an answer out of time, and also filed a Motion to Dismiss.  Drake responds that the motion should

be denied since default judgment has not been entered.

---

[40] Doc. 1, Complaint, p. 17.

[41] 42 U.S.C. § 1983.

[42] Judge Robinson did not dismiss the ELC Defendants, finding that they were state actors.  For the purposes
of this Order, the Court assumes, without deciding, that ELC Defendants were state actors.

The entry of default judgment is a two step process.  First, plaintiff must notify the court that opposing party failed to plead or otherwise defend by requesting the clerk enter default on the docket.[43]  Second, following an entry of default by the clerk, the "party entitled to judgment by default shall apply to the court therefor."[44]  Plaintiff has not followed the appropriate procedure for an entry of default judgment.  Additionally, when Plaintiff filed the motion, Drake had not answered.  However, the day after the Motion was filed, Drake requested leave of the Court to file an Answer Out of Time, then immediately filed a response to the Motion for Default Judgment.  Then Drake filed an Answer as well as a Motion to Dismiss.  Because an answer was filed, Plaintiff's motion is denied.  The Court also notes that as previously discussed, the Court has determined that the Complaint failed to state a claim against Drake.  The Court has discretion to deny a request for default judgment if the  complaint fails to state a claim.[45]  Plaintiff's Motion for Default is denied.

     6.  <u>Motion for Review of Magistrate Order (Doc. 64)</u>

Plaintiff requests this Court review the Magistrate's Order denying him counsel.  Magistrate judges may hear and determine a number of pre-trial matters.[46]  When a party objects to a magistrate judge's order, a district court judge can "reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[47]

---

[43] Fed. R. Civ. P. 55(a).

[44] Fed. R. Civ. P. 55(b)(2).

[45] *Garrett v. Seymour*, 217 Fed.Appx. 835, 838 (10th Cir. 2007).

[46] 28 U.S.C. § 636(b)(1)(A).

[47] *Id.*

Plaintiff does not make any argument that the magistrate judge's ruling was erroneous or contrary to law. Instead, Plaintiff states that he has corrected the reasons his motion for appointed counsel was denied, specifically, he contacted a number of attorneys. Plaintiff also argues that he is disabled, his claims have merit, this is a complex case, and he has medical issues which impede his ability to present his case. Plaintiff has not shown or argued that the ruling by the magistrate was erroneous or contrary to law. Furthermore, as discussed above, this Court has determined that Plaintiff's claims lack merit and dismissal is appropriate, rendering an appointment of counsel moot. Plaintiff's Motion to Review the Magistrate's Order (Doc. 64) refusing to appoint counsel is denied.

7. <u>Defendants Not Served and Sufficiency of Service</u>

Defendant Jerry Donally has not been served and Defendant Deborah Pope was improperly served. On March 8, 2012, Defendant Pope was served at 739 Minnesota Avenue, Kansas City, Kansas.[48] As noted in Judge Robinson's May 23, 2012 Order, that address is Pope's place of employment, MHAH.[49] Plaintiff initially filed his complaint on September 6, 2011. When defendants were not served within the initial 120 day period, Plaintiff's time to serve defendants was extended to March 29, 2012.[50] Rule 4 provides that if services is not made within 120 days, the court:

> on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[51]

---

[48] Doc. Ent. 76.

[49] Case No. 11-2347, Doc. Ent. 60, p. 6.

[50] Doc. Ent.  72.

[51] Fed. R. Civ. P. 4(m).

Service may be effected by serving a defendant personally, at their place of residence, or by delivering a copy to an authorized agent.[52]  The Court provided additional time to allow Plaintiff to serve defendants.  Plaintiff has not served Donally nor has Plaintiff properly served Pope.  Plaintiff has not shown good cause and  presents no explanation for the failure to timely effect service.  Plaintiff has not requested an additional extension of time to serve Donally or Pope.  Without an explanation as to the continued delay, the Court dismisses Donally and Pope.

8.  <u>Defendant Blake</u>

There is one remaining defendant in the case, Cheryl Blake.  Blake was served on October 20, 2011.  Plaintiff alleges that Blake filed a protection from  stalking petition against him which was done with the intent to conceal gender discrimination at Country Mart and to conceal a falsified rental application at Hidden Meadows Apartments, and to silence and intimidate Plaintiff, all in violation of Plaintiff's First, Fifth, and Fourteen Amendment, as well as conspiracy pursuant to 18 U.S.C. § 241.   Plaintiff also claims Blake falsely reported a crime, committed perjury, and committed the offense of compounding a crime, pursuant to K.S.A. §§ 21-3818, 21-3805, and 21-3807.

The court has the authority and the discretion to "dismiss the case at any time if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted."[53]  The court must construe the allegations and any reasonable inferences in the light most favorable to the plaintiff, and accept the allegations in the complaint as true.[54]  The standard that

---

[52] Fed.R.Civ.P. 4(e).

[53] 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

[54] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

applies in Rule 12(b)(6) also applies in reviewing dismissal under Section 1915(e)(2)(B)(ii), plausibility in the complaint that would support a legal claim for relief.[55]

Plaintiff alleges that Blake filed a stalking petition against him to conceal gender discrimination at Country Mart.  Plaintiff does not provide any additional facts in the complaint in support of this claim.  Plaintiff cannot bring a gender discrimination claim against Blake as she was only an employee of the store and not in a position of management or an owner.[56]  Plaintiff cannot bring claims against Blake under Section 1983, as there are no allegations in the Complaint that Blake acted under the color of state or federal law.  As previously discussed, 18 U.S.C. § 241 does not provide Plaintiff a private right of action.  Finally, Plaintiff cannot personally bring criminal charges against Blake, because criminal statutes do not provide for a private right of action and are not enforceable through a civil action.[57]

Plaintiff's complaint against the only remaining defendant, Cheryl Blake, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff has failed to allege any facts which would support a legal claim for relief against Blake.

9.  <u>Motion for Temporary Restraining Order (Doc. 5)</u>

Early in the case Plaintiff filed a Motion for a Temporary Restraining Order.  Plaintiff requests the Court issue a restraining order forbidding all Defendants and their agents of committing adverse or negative actions against Plaintiff.  A party seeking a temporary restraining order must

---

[55] *Id.* at 1217-18.

[56] *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 9 (10th Cir. 2007)(Employees may not be held liable for claims brought under Title VII); *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)(Relief under Title VII is against employers not individual employees).

[57] *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

show (1) that the movant has a substantial likelihood that the movant will eventually prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.[58] Additionally, the movant must demonstrate with specific facts how immediate and irreparable injury, loss, or damage will result absent a restraining order.[59]

  All the defendants in the case have been dismissed pursuant to this order.  Plaintiff has not shown a likelihood that he will prevail on the merits of the case.  Plaintiff's Motion for a Temporary Restraining Order is denied.

V.  Conclusion

  **IT IS THEREFORE ORDERED** that Reidling's Motion to Dismiss (Doc. 21) is **GRANTED**.

  **IT IS FURTHER ORDERED** that Gary Jones, Cindy Jones, and Jeff Jones' Motion to Dismiss (Doc. 41) is **GRANTED**.

  **IT IS FURTHER ORDERED** that Clark, Maddox, and Deutch's Motion to Dismiss (Doc. 38) is **GRANTED**.

  **IT IS FURTHER ORDERED** that Drake, Stanley, Johnson, and Kastler's Motion to Dismiss (Doc. 74 and Doc. 80) is **GRANTED**.

  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 52) is **DENIED**.

---

[58] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

[59] Fed. R. Civ. P. 65(b)(1)(A).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Review of the Magistrate's Order (Doc. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Donally be dismissed for lack of service.

**IT IS FURTHER ORDERED** that Defendant Pope be dismissed for improper service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Cheryl Blake be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 5th day of July, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE